T.C. Memo. 1998-73

UNITED STATES TAX COURT

MEHRAN ETESAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27439-96.                    Filed February 23, 1998.

Mehran Etesam, pro se.

<u>Gwendolyn C. Walker</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency and an addition to tax under section 6651(a) in petitioner's 1993 Federal income tax in the respective amounts of $425 and $396.05. At the time the petition was filed, petitioner resided in Swainsboro, Georgia.

_____

[1] All section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

The only issue is whether petitioner is entitled to a joint filing status.

The facts may be summarized as follows. Prior to 1993, petitioner and Maliheh Chasevi (Ms. Chasevi) were married, lived together in Florida, and had filed joint Federal income tax returns in the previous years. In April 1993, they separated, and petitioner moved to Georgia. In late 1993 or early 1994, Ms. Chasevi inquired whether petitioner would file a joint return with her for the 1993 taxable year. Petitioner agreed, and Ms. Chasevi sent her Form W-2 from her employer to him.

In April 1994, petitioner could not pay the amount due and requested an extension of time for filing the 1993 return. Sometime later, Ms. Chasevi questioned him about whether a return had been filed. Petitioner got "upset" but did tell her that he had not filed, and then told her to file her own return. Ms. Chasevi filed a separate return for the taxable year 1993 in April 1995. Shortly thereafter petitioner filed a purported joint return for the taxable year 1993. Ms. Chasevi did not sign the return. Petitioner signed her name to the return. Ms. Chasevi did not know that the purported joint return had been filed until October 1995, and she has not ratified the purported joint return in any fashion.

Upon examination of the purported joint return filed by petitioner, respondent disallowed the dependency exemption claimed for Ms. Chasevi, removed her income from the gross

income, reduced the standard deduction, and determined the tax on the basis of the filing status of married-filing-separately. If we determine that petitioner was not entitled to use the joint filing status, he does not dispute the other adjustments.

Section 6013(a) allows a husband and wife to file a joint return. Both the husband and wife must intend that a return filed be treated as a joint return, and the question of their intent is a question of fact. Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971); Springmann v. Commissioner, T.C. Memo. 1987-474. While Ms. Chasevi may have intended to file a joint return for 1993 at some time during 1993 or early 1994, by the time petitioner filed the return in 1995, she clearly did not intend that return to be a joint return. Indeed, she had already filed a separate return.

Petitioner argues that the communications between his wife and him during late 1993 or early 1994 gave rise to a binding contract with Ms. Chasevi to the effect that they would file a joint return. While we have grave doubts concerning the existence of any such contract under the circumstances here, even if Ms. Chasevi breached that contract, the fact remains that when the purported joint return was filed, she did not intend that return to be a joint return. If there were a contract, that would be a matter between petitioner and Ms. Chasevi. Whatever the resolution of that dispute, it would not affect the result

here.  Petitioner is not entitled to claim the joint filing status, and respondent's determinations are sustained.

Decision will be entered for respondent.